IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CR-11-FL-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| TANGELA MONIQUE RIDGEWAY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court on defendant's pro se motion for return of property, (DE 167). The government has responded and in this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

On April 13, 2017, defendant pleaded guilty to one count of unlicensed money transmitting, in violation of 18 U.S.C. § 1960(a). On November 7, 2017, the court sentenced defendant to 15 months' imprisonment and three years' supervised release. The judgment of conviction provides that defendant shall forfeit her interest in all property identified in the preliminary order of forfeiture entered November 7, 2017. Defendant did not appeal.

On February 11, 2020, defendant filed the instant motion, pursuant to Federal Rule of Criminal Procedure 41(g), seeking return of the following assets seized by the government on the date of her arrest, February 9, 2016, comprising:

1) Dell computer and monitor;

2) two iPhone 8 plus cellular phones;

3) one blue flash drive; and

4) seized currency in the amount of $12,000.

Defendant alleges the property set forth above was not subject to a forfeiture order.

In response, the government opposes return of the currency referenced in the instant motion. The government attaches declaration of Douglas A. Cash ("Cash"), forfeiture counsel for the Drug Enforcement Administration, stating and documenting that the currency was subject of an administrative forfeiture completed July 5, 2016. The government agrees the majority of the remaining property, with certain exceptions set forth below, can be returned.

## COURT'S DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." "[A] postconviction motion for return of property is a civil action" governed by Rule 41 as a "Supplementary and Special Proceeding[ ]" that can be brought even "where no criminal proceeding is pending." United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995); see United States v. Roca, 676 F. App'x 194 (4th Cir. 2017). When such a motion for return of seized property is brought after conclusion of criminal proceedings, the government has a burden "to demonstrate a legitimate reason for retaining the property." Roca, 676 F. App'x at 194-95.

"A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" United States v. Soza, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008)). Furthermore, if the property was administratively forfeited in forfeiture proceedings conducted pursuant to 18 U.S.C. § 1607, the district court lacks jurisdiction to order return of the property under Rule 41(g). See Ibarra v. United States, 120 F.3d 472, 475 (4th Cir. 1997) (citing United States v. Price, 914 F.2d 1507, 1511 (D.C. Cir. 1990)).

2

With respect to the $12,000 in United States currency, the government has demonstrated, through declaration, that the subject currency was administratively forfeited. The Cash declaration describes administrative forfeiture proceedings conducted pursuant to § 1607, including notices and opportunities for claims, culminating in forfeiture of $12,746 seized on the date of defendant's arrest. (See Cash Decl. (DE 169-3)). Defendant has not produced verified evidence disputing that this currency was administratively forfeited. Accordingly, the court is without jurisdiction to order return of the currency under Rule 41(g). See Ibarra, 120 F.3d at 475.

Turning to the remaining property, the government represents it will "make available for pickup" by defendant or her designee the property listed on the Raleigh Police Department's evidence control form, (DE 169-2), completed after the search of her residence, with the exception of property that belongs to a co-defendant. This appears to cover the majority of the remaining property at issue in the instant motion.[1] Defendant may contact the Raleigh Police Department to arrange for return of the property, using the contact information for the case agents the government attached to the instant motion, (DE 169-1).

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendant's motion for return of property, (DE 169). The motion is denied to the extent defendant seeks return of $12,000 in United States currency seized during her arrest, or any property that belongs to her co-defendants. The motion is GRANTED to the extent defendant seeks return of property identified on the evidence control form, (DE 169-2), that does not belong to one of her co-defendants.

---

[1] The computer is identified as a "Sony" model on the evidence control form, not a "Dell" model as reflected in the instant motion. To the extent defendant is seeking property identified as belonging to one of her co-defendants on the evidence control form, the record does not contain sufficient verified evidence establishing defendant's possessory interest in such property. See Soza, 599 F. App'x at 70.

SO ORDERED, this the 15th day of April, 2020.

                                              LOUISE W. FLANAGAN
                                              United States District Judge